# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HOSHANG J. BHADHA,
      Appellant,

    v.

DEPARTMENT OF HOUSING AND
   URBAN DEVELOPMENT,
      Agency.

DOCKET NUMBER
SF-3443-18-0769-I-1

DATE: May 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Hoshang J. Bhadha</u>, Rancho Mission Viejo, California, pro se.

<u>Dallae Chin</u>, Esquire, and <u>Rachael D. Lohrey</u>, San Francisco, California,
   for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.[2]  Generally, we grant petitions such

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2] The appellant's motion for leave to file an additional pleading is DENIED, as the evidence described in the motion would not be material to the outcome of this appeal.  *See* 5 C.F.R. § 1201.114(k).

as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify that the appellant contested the agency's failure to select him for two positions,[3] and to address his newly submitted correspondence with the Office of Special Counsel (OSC), we AFFIRM the initial decision.

To establish jurisdiction over an individual right of action (IRA) appeal, an appellant must show that he exhausted his administrative remedies before OSC and make nonfrivolous allegations[4] that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined under 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see* 5 U.S.C.

---

[3] The initial decision refers to the appellant's nonselection for the position of Chief, Technical Branch, but does not refer to his nonselection for the position of Senior Single-Family Housing Specialist, which he also contests. We find this discrepancy does not affect the outcome of the appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision).

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

§§ 1214(a)(3), 1221(e)(1). The exhaustion requirement must be established by preponderant evidence.[5] 5 C.F.R. § 1201.57(c)(1).

The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation.[6] *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The sufficiency of the claim is determined by the statements made in the appellant's submissions to OSC, not in the appellant's later characterization of those statements. *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036 (Fed. Cir. 1993). The Board may consider only the disclosures (or activities) and personnel actions that the appellant raised before OSC. *Ormond v. Department of Justice*, 118 M.S.P.R. 337, ¶ 5 (2012).

On review, the appellant provides copies of email correspondence between the appellant and an employee in the OSC Disclosures Unit, concerning a disclosure or complaint the appellant filed in 2015. Petition for Review File, Tab 1 at 68-135. Even assuming that these emails were previously unavailable despite the appellant's due diligence, they do not show that he alleged before OSC that the contested nonselections were the result of retaliation for protected disclosures under 5 U.S.C. § 2302(b)(8) or protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). Thus, the appellant has not shown that he exhausted OSC procedures for purposes of establishing IRA jurisdiction.

---

[5] Preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[6] The purpose of the exhaustion requirement with OSC prior to filing an IRA appeal with the Board is to give OSC "the opportunity to take corrective action before involving the Board in the case." *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992). The whistleblower protection statutory scheme provides that, if OSC finds that there is a substantial likelihood that the information it received discloses a violation, it "shall transmit the information to the head of the agency involved for investigation and report . . . ." *Id.*; *see* 5 U.S.C. § 1213(b), (c). These inquiries by OSC, and their transmittal to agencies for remedial action, are a major component of OSC's work. *Ward*, 981 F.2d at 526.

We have considered the appellant's remaining arguments and find they are without merit. We have also considered the other documents the appellant submitted with his petition, but we find they do not provide a basis for further review.[7]

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[7] The majority of the documents predate the close of the record below and do not qualify as new evidence, either because the information contained therein is duplicative of submissions already contained in the record, *see Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989), or because the appellant has not shown that the information was unavailable before the close of the record despite his due diligence, *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant's Fiscal Year 2018 (FY) performance evaluation and FY 2019 performance plan appear to be new evidence, but they are not material to the outcome of this case. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underlined received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

                                    Gina K. Grippando
                                    Clerk of the Board

Washington, D.C.